# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE LUIS COLUNGA ROJAS, | Case No. 1:25-cv-00819-SKO |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR ATTORNEY FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT** |
| v. | |
| FRANK BISIGNANO, Commissioner of Social Security, | (Doc. 15) |
| Defendant. | |

On December 8, 2025, after entry of judgment in favor of Plaintiff, (Doc. 14), Plaintiff filed a motion for an award of attorney fees pursuant to the Equal Access to Justice Act ("EAJA") in the amount of $881.44, (*see* Doc. 15). On December 9, 2025, the Court ordered Defendant's opposition, if any, to be filed by no later than December 22, 2025. (Doc. 16). Because Defendant timely filed a notice of non-opposition, (Doc. 17), the motion is deemed unopposed. For the reasons set forth below, Plaintiff's application for EAJA fees is GRANTED.

## I. BACKGROUND

Plaintiff filed this action on July 7, 2025, seeking judicial review of a final administrative decision denying his application for Social Security disability benefits. (Doc. 1.) On September 8, 2025, the Court ordered judgment be entered in favor of Plaintiff and the case remanded "to the

Commissioner of Social Security for further proceedings." (Doc. 13 at 3.)

On December 8, 2025, Plaintiff filed a motion for EAJA fees, seeking an award of $881.44. (Doc. 15). Defendant filed a notice of non-opposition on December 12, 2025. (Doc. 17.) Plaintiff's motion for attorney fees under the EAJA is currently pending before the Court.

## II.  LEGAL STANDARD

The EAJA provides that "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). "It is the government's burden to show that its position was substantially justified or that special circumstances exist to make an award unjust." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001).

A "party" under the EAJA is defined as including "an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed." 28 U.S.C. § 2412(d)(2)(B)(i). The term "fees and other expenses" includes "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A). "The statute explicitly permits the court, in its discretion, to reduce the amount awarded to the prevailing party to the extent that the party 'unduly and unreasonably protracted' the final resolution of the case." *Atkins v. Apfel*, 154 F.3d 986, 987 (9th Cir. 1998) (citing 28 U.S.C. §§ 2412(d)(1)(C) & 2412(d)(2)(D)).

A party who obtains a remand in a social security case is a prevailing party for purposes of the EAJA. *See Shalala v. Schaefer*, 509 U.S. 292, 300–01 (1993) ("No holding of this Court has ever denied prevailing-party status . . . to a plaintiff who won a remand order pursuant to sentence four of § 405(g) . . . , which terminates the litigation with victory for the plaintiff"); *Gutierrez*, 274 F.3d at 1257 ("An applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded.").

## III.  ANALYSIS

There is no dispute Plaintiff is the prevailing party in this litigation. The Court finds Plaintiff

did not unduly delay this litigation, and Plaintiff's net worth did not exceed two million dollars when this action was filed. The Court further finds, in view of the Commissioner's representation that the Defendant "does not oppose Plaintiff's request," (Doc. 17 at 2), the Government has waived its opportunity to establish its burden to show that "its position was substantially justified or that special circumstances exist to make an award unjust." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001). Therefore, the Court shall award fees.

Plaintiff seeks a total award of $881.44, comprised of 3.5 hours in attorney time. (*See* Doc. 15 at 4). As previously noted, Defendant does not oppose this request. (*See* Doc. 17 at 2.) The EAJA provides for an award of "reasonable" attorney fees. 28 U.S.C. § 2412(d)(2)(A). By statute, hourly rates for attorney fees under EAJA are capped at $125 per hour, but district courts are permitted to adjust the rate to compensate for increases in the cost of living.[1] 28 U.S.C. § 2412(d)(2)(A); *Sorenson v. Mink*, 239 F.3d 1140, 1147–49 (9th Cir. 2001); *Atkins*, 154 F.3d at 987. Determining a reasonable fee "requires more inquiry by a district court than finding the 'product of reasonable hours times a reasonable rate.'" *Atkins*, 154 F.3d 988 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). The district court must consider "the relationship between the amount of the fee awarded and the results obtained." *Id.* at 989.

Here, Plaintiff's attorney obtained an order remanding the action for further administrative action, which is a good outcome for Plaintiff. (Docs. 13, 14). There is no indication that a reduction of the award is warranted due to any substandard performance by Plaintiff's counsel as counsel secured a successful and expeditious result for Plaintiff. There is also no evidence that Plaintiff's counsel engaged in any dilatory conduct resulting in delay.

The claimed total of 3.5 hours in attorney time represents a reasonable amount of time for an attorney to expend on this particular matter, *see, e.g., Vallejo v. Astrue*, No. 2:09-cv-3088 KJN, 2011 WL 4383636, at *4 (E.D. Cal. Sept. 20, 2011) (declining to "conduct a line-by-line analysis"

---

[1] Pursuant to *Thangaraja v. Gonzales*, 428 F.3d 870, 876–77 (9th Cir. 2005), and the Ninth Circuit Rule 39-1.6, the Ninth Circuit maintains a list of the statutory maximum hourly rates authorized under the EAJA, as adjusted annually to incorporate increases in the cost of living. Plaintiff is requesting an hourly rate of $251.84 for time expended in 2025. (*See* Doc. 15-2 at 1.) This rate is consistent with the statutory maximum rates as set forth by the Ninth Circuit. *See Statutory Maximum Rates Under the Equal Access to Justice Act*, U.S. COURTS FOR THE NINTH CIR., https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/.

of billing entries to determine all 62.6 hours of attorney time spent on the litigation were justified), and are well within the limit of what would be considered a reasonable amount of time spent on this action when compared to the time devoted to similar tasks by counsel in like social security appeals before this court, *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012) (noting "[m]any district courts have noted that twenty to forty hours is the range most often requested and granted in social security cases") (citing *Patterson v. Apfel*, 99 F. Supp. 2d 1212, 1214 n.2 (C.D. Cal. 2000) (collecting district court cases)); *see also Thompson v. Colvin*, No. 2:12-cv-01850-AC, 2015 WL 1767733, at *2 (E.D. Cal. Apr. 16, 2015) (finding 63.4 hours to be reasonable); *Boulanger v. Astrue*, 2:07-cv-0849-DAD, 2011 WL 4971890, at *2 (E.D. Cal. Oct. 19, 2011) (finding 58 hours to be a reasonable amount of time); *Valleyjo v. Astrue*, No. 2:09-cv-03088 KJN, 2011 WL 4383636, at *5 (E.D. Cal. Sept. 20, 2011) (finding 62.1 hours to be reasonable).

Plaintiff will be awarded EAJA fees for 3.5 hours in attorney time for a total EAJA award in the amount of $881.44.

### IV.    CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that Plaintiff's unopposed motion for EAJA fees is GRANTED in the amount of $881.44.

IT IS SO ORDERED.

Dated:   **December 18, 2025**                    /s/ *Sheila K. Oberto*
                                                              UNITED STATES MAGISTRATE JUDGE

4